IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

---

ROBERT DAVID TOWNSEND,

                Plaintiff,

     vs.

UNIVERSITY OF ALASKA
and UNIVERSITY OF ALASKA AT
FAIRBANKS,

                Defendants.

Case No. 3:06-cv-000171  TMB

O R D E R

---

## I.  MOTIONS PRESENTED

Plaintiff Robert David Townsend ("Townsend") has sued his former employer, alleging violations of the Uniformed Services Employment and Reemployment Rights Act, 38 U.S.C. § 4301 *et seq.* ("USERRA"). Defendants have moved to dismiss Plaintiff's claims, and Plaintiff has responded by moving to amend his complaint.  Both motions have been fully briefed, and the Court heard oral argument on February 20, 2007.

## II. BACKGROUND

Plaintiff Townsend claims that he was fired from his job with the University of Alaska at Fairbanks based on his military status with the Alaska Air National Guard in violation of the USERRA, 38 U.S.C. § 4301 *et seq.*  The Court will not recite the facts underlying Plaintiff's claims, as they are not relevant to the motions under consideration.  For purposes of Defendant's Motion to dismiss, the only relevant material facts are that Townsend sues on his own behalf, and that the Defendants University of Alaska and University of Alaska at Fairbanks are instrumentalities of the state of Alaska.[1]

---

[1]      Defendants inform the Court that although Townsend separately names the University of Alaska and the University of Alaska Fairbanks as defendants, they are both the same legal entity.  Nevertheless, since the issue has not been fully briefed and does not affect the

Defendants have moved to dismiss Plaintiff's complaint on two separate grounds: (1) that the Court lacks subject matter jurisdiction over a private USERRA lawsuit against an instrumentality of the State such as the University of Alaska, because USERRA grants exclusive jurisdiction over this case to the Alaska state courts; and (2) that as an instrumentality of the state of Alaska, the University has sovereign immunity from this lawsuit.  Plaintiff contends both arguments are incorrect.  In addition, Plaintiff has moved to amend his complaint to add certain individual defendants, which, in the event the Court were to accept Defendants arguments, Plaintiff says would cure the alleged defects in his complaint.

### III.  DISCUSSION

**A.**      **Defendants' Motion to Dismiss**

The Court now considers Defendants' argument that Plaintiff's complaint should be dismissed for lack of subject matter jurisdiction.  Because the Court finds that it lacks subject matter jurisdiction under USERRA, the Court will not address the question of sovereign immunity.

USERRA is a federal statute prohibiting discrimination against persons because of their service in the uniformed services.[2]  The statute regulates both private and government employers.[3]  It permits enforcement by either the service member or, upon application by the service member, by the Attorney General.[4]  In this case, Townsend chose to prosecute the action against the Defendants himself.  The parties agree that Defendants are instrumentalities of the state of Alaska.  The question raised by Defendants' motion to dismiss is whether USERRA grants jurisdiction to the federal courts to hear all cases arising under its regulations, or whether, as Defendants assert, USERRA actions by private individuals against a state may only be heard in state court.

---

Court's analysis, the Court will refer to the Defendants, plural, in accordance with Plaintiff's pleadings.

[2]      38 U.S.C. § 4301(a).

[3]      38 U.S.C. § 4303(4)(A).

[4]      38 U.S.C. § 4323(a).

No binding precedent exists on this precise question, since neither the U.S. Supreme Court nor the Ninth Circuit Court of Appeals have addressed this question.  The only circuit court to consider the issue has agreed with Defendants' position and found that the federal district court lacked jurisdiction.[5]  Two district courts have followed this decision, and Plaintiff admits that no court has agreed with its position on this jurisdictional issue.[6]  However, since none of these decisions constitute more than persuasive authority for this Court, the Court will enter into its own statutory analysis.[7]

USERRA was initially passed in 1994.  As originally enacted, the jurisdictional section read as follows:

> **(b)** In the case of an action against a State as an employer, the appropriate district court is the court for any district in which the State exercises any authority or carries out any function. In the case of a private employer the appropriate district court is the district court for any district in which the private employer of the person maintains a place of business.
> **(c)(1)(A)** The district courts of the United States shall have jurisdiction, upon the filing of a complaint, motion, petition, or other appropriate pleading by or on behalf of the person claiming a right or benefit under this chapter –
> **(I)** to require the employer to comply with the provisions of this chapter;

---

[5]      *Velasquez v. Frapwell and Trustees of Indiana Univ.*, 165 F.3d 593, 593-94 (7th Cir. 1999)(per curiam).

[6]      *Valadez v. Regents of the Univ. of Cal.*, 2005 WL 1541086 (E.D.Cal. 2005); *Larkins v. Department of Mental Health, State of Alabama*, 1999 WL 33100500 (M.D. Ala. 1999).

[7]      Plaintiff argues that the persuasive precedent cited by Defendants is contradicted by more recent guidance from the Supreme Court in *Breur v. Jim's Concrete of Brevard, Inc*, 538 U.S. 691 (2003).  *Breur*, however, is entirely inapposite.  In *Breur*, the Court held that a provision of the Fair Labor Standards Act, that suit under the Act "may be maintained ... in any Federal or State court of competent jurisdiction," does not bar removal to federal court.  *Id.* at 593 (quoting 52 Stat. 1069, as amended, 29 U.S.C. § 216(b)).  Based on this language, the Court began its analysis by noting that "[t]here is no question that Breuer could have begun his action in the District Court."  *Id.*  The Fair Labor Standards Act explicitly gives plaintiffs the choice of federal or state court, and the only question before the Supreme Court was whether the statement that the action "may be *maintained* . . . in any Federal or State court" meant that plaintiff who chose state court had a right to keep the action in state court even though removal would otherwise be permitted.  In this context, the Court noted that "[w]hen Congress has wished to give plaintiffs an absolute choice of forum, it has shown itself capable of doing so in unmistakable terms," and found that it has not done so here.  *Id.* at 697 (internal quotations and citations omitted).

**(ii)** to require the employer to compensate the person for any loss of wages or benefits suffered by reason of such employer's failure to comply with the provisions of this chapter; and
**(iii)** to require the employer to pay the person an amount equal to the amount referred to in clause (ii) as liquidated damages, if the court determines that the employer's failure to comply with the provisions of this chapter was willful.[8]

Congress amended USERRA in 1998. As amended, USERRA now allocates court jurisdiction and assigns venue based on the kind of plaintiff and the kind of defendant. The Act provides as follows:

> **(2)** A person may commence an action for relief with respect to a complaint against a State (as an employer) or a private employer if the person--
>> **(A)** has chosen not to apply to the Secretary for assistance under section 4322(a) of this title;
>> **(B)** has chosen not to request that the Secretary refer the complaint to the Attorney General under paragraph (1); or
>> **(C)** has been refused representation by the Attorney General with respect to the complaint under such paragraph.
> **(b) Jurisdiction.** – **(1)** In the case of an action against a State (as an employer) or a private employer commenced by the United States, the district courts of the United States shall have jurisdiction over the action.
> **(2)** In the case of an action against a State (as an employer) by a person, the action may be brought in a State court of competent jurisdiction in accordance with the laws of the State.
> **(3)** In the case of an action against a private employer by a person, the district courts of the United States shall have jurisdiction of the action.
> **(c) Venue.**– **(1)** In the case of an action by the United States against a State (as an employer), the action may proceed in the United States district court for any district in which the State exercises any authority or carries out any function.
> **(2)** In the case of an action against a private employer, the action may proceed in the United States district court for any district in which the private employer of the person maintains a place of business.[9]

The parties agree that prior to the 1998 amendment a private plaintiff could sue a state defendant in federal court. Plaintiff argues that such is still the case after the 1998 amendment. He asserts that 38 U.S.C.A. § 4323(b)(2)'s permissive statement that "the action *may* be brought in a State court of competent jurisdiction in accordance with the laws of the State" indicates that private plaintiffs retain a choice of state versus federal court.[10] Defendants, however, argue persuasively that USERRA, in its current form, expressly provides for federal court jurisdiction only over cases brought by the United States and cases brought against private employers, and

---

[8]        Pub.L. 103-353, 108 Stat. 3165.

[9]        38 U.S.C.A. § 4323(a)(2)-(c)(2).

[10]        38 U.S.C.A. § 4323(b)(2) (emphasis added).

4

that federal jurisdiction is neither explicitly provided for, nor implied, in cases brought by private individuals against a state.

Under 28 U.S.C. § 1331, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  "However, this general federal-question jurisdiction statute is applicable only when the plaintiff sues under a federal statute that creates a right of action in federal court."[11]  The Ninth Circuit recently laid out the proper analysis in a similar case of statutory interpretation in the case of *Williams v. United Airlines, Inc.*[12]  In *Williams*, the court was faced with interpreting the jurisdictional provisions of the federal Whistleblower Protection Program ("WPP"), enacted to protect airline employees who report airline safety issues.[13]  The WPP, 49 U.S.C. § 49121, provides that an aggrieved employee may file a complaint with the Secretary of Labor, and that in the event of non-compliance with the Secretary's final order, either the Secretary or the employee may bring a civil action in a federal district court to compel compliance with the order.[14]  The administrative filing requirement in § 42121(b)(1) is phrased permissively: "A person who believes that he or she has been discharged or otherwise discriminated against ... *may* ... file ... a complaint with the Secretary of Labor alleging such discharge or discrimination."[15]  Thus, the plaintiff argued, and the district court agreed, that because the statute stated that a person "may" file a complaint, exhaustion of administrative remedies was not required before bringing a suit in federal district court.[16]  However, the Ninth Circuit disagreed, finding instead that the fact "[t]hat an aggrieved employee "may" file an administrative complaint with the Secretary of Labor under

---

[11]     *Williams v. United Airlines, Inc.*, --- F.3d ----, 2007 WL 2458504 *2 (9th Cir. Aug. 31, 2007) (citing *Merrell Dow Pharms. Inc. v. Thompson*, 478 U.S. 804, 807-12 (1986)).

[12]     *Id.*

[13]     *See id.* (citing 49 U.S.C. § 42121).

[14]     49 U.S.C. § 42121

[15]     49 U.S.C. § 42121(b)(1) (emphasis added).

[16]     *Williams*, 2007 WL 2458504 at *2.

5

§ 42121(b)(1) does not, by itself, imply that jurisdiction is also authorized in federal district

courts."[17]  The court explained that there is no presumption of federal jurisdiction:

> As the Supreme Court has often repeated, "[f]ederal courts are courts of limited jurisdiction.  The character of the controversies over which federal judicial authority may extend are delineated in Art. III, § 2, cl. 1 [of the United States Constitution].  Jurisdiction of the lower federal courts is further limited to those subjects encompassed within a statutory grant of jurisdiction."  *Ins. Corp. of Ir.*, 456 U.S. at 701.

> On this point, *ErieNet, Inc. v. Velocity Net, Inc.*, 156 F.3d 513, 516 (3d Cir.1998), is instructive.  *ErieNet* involved a class action suit under the Telephone Consumer Protection Act, which provides that "[a] person or entity may ... bring in an appropriate court of that State ... an action based on a violation of this subsection."  47 U.S.C. § 227(b)(3) (emphasis added).  The class members argued that Congress's use of the word "may" indicated that the statute did not limit jurisdiction to state courts.  *ErieNet*, 156 F.3d at 516.  The Third Circuit rejected this argument, explaining that "[t]he appellants' argument that the permissive reference to state courts implies the existence of federal jurisdiction is undercut by the fact that there is no presumption of jurisdiction in the federal courts."  *Id.* (citing *Sheldon v. Sill*, 49 U.S.(8 How.) 441, 12 L.Ed. 1147 (1850)).[18]

---

[17]      *Id.*  The Third Circuit's opinion in *ErieNet, Inc. v. Velocity Net, Inc.*, 156 F.3d at 516, cited approvingly by the Ninth Circuit, provides an even more direct repudiation of the type of statutory interpretation argument that Plaintiff has put forth regarding USERRA.  Like Townsend, the plaintiff in *ErieNet* argued a statute – in this case, the Telephone Consumer Protection Act ("TCPA") – that stated that actions "may" be brought in state court implied, by its permissive language, that actions could also be brought in federal court.  However, the Third Circuit disagreed:

> The permissive authorization of jurisdiction in state courts does not imply that jurisdiction is also authorized in federal courts. For Congress' reference to state courts to have any meaning, it must reflect something other than a mere confirmation of concurrent jurisdiction over private enforcement actions. We believe that the most natural reading of this language is that Congress intended to authorize private causes of action only in state courts, and to withhold federal jurisdiction.

*Id.* at 156 F.3d at 517.  The Fourth Circuit has also rejected a federal jurisdiction argument based on the permissive language granting state court jurisdiction over TCPA actions.  Like the Third Circuit, the Fourth Circuit concluded that "[i]f a statute authorizes suit in state courts of general jurisdiction through the use of the term "may," that authorization cannot confer jurisdiction on a federal court because federal courts are competent to hear only those cases specifically authorized."  *International Science & Tech. Inst., Inc. v. Inacom Commc'ns, Inc.*, 106 F.3d 1146, 1151-52 (4th Cir. 1997) (citing *Sheldon v. Sill*, 49 U.S. 441, 449 (1850)).

[18]      *Id.*

Guided by the Ninth Circuit's analysis in *Williams*, the Court has little difficulty concluding that USERRA does not expressly grant Plaintiff a right of action in federal district court.

Because USERRA does not expressly grant Plaintiff a federal right of action, the Court must consider whether there is an implied right of action under the statute.[19]  The Ninth Circuit has followed the Supreme Court's decision in *Cort v. Ash*, which announced four factors to consider when deciding whether a private right of action is implicit in a federal statute:

> First, is the plaintiff one of the class for whose especial benefit the statute was enacted-that is, does the statute create a federal right in favor of the plaintiff? Second, is there any indication of legislative intent, explicit or implicit, either to create such a remedy or to deny one? Third, is it consistent with the underlying purposes of the legislative scheme to imply such a remedy for the plaintiff? And finally, is the cause of action one traditionally relegated to state law, in an area basically the concern of the States, so that it would be inappropriate to infer a cause of action based solely on federal law?[20]

However, the Ninth Circuit has also noted that "[s]ince *Cort*, the Supreme Court has focused on the second Cort factor - whether there is congressional intent to create a private right of action."[21]

Here there is no doubt that Townsend is a member of the special class the statute was meant to protect.[22]  However, the Court finds no evidence that the statute was intended to create a right of action in federal court for private individuals suing state employers.  Plaintiff argues that the provision addressing actions brought by persons against a state, at 38 U.S.C.A. §

---

[19]    *Id* at *3.

[20]    *Id.* (quoting *Cort v. Ash*, 422 U.S. 66, 78 (1975) (internal quotations and citations omitted)).

[21]    *Id.* (citing *Alexander v. Sandoval*, 532 U.S. 275, 286 (2001) (stating that "[s]tatutory intent . . . is determinative."); *Love v. Delta Air Lines*, 310 F.3d 1347, 1351-52 (11th Cir. 2002) (explaining that since the late 1970s, the Supreme Court has "gradually receded from its reliance on three of these four factors, focusing exclusively on legislative intent"); *Thompson v. Thompson*, 484 U.S. 174, 189 (1988) (Scalia, J., concurring) (arguing that *Touche Ross & Co. v. Redington*, 442 U.S. 560, 575-576 (1979), and *Transamerica Mortgage Advisors, Inc. v. Lewis*, 444 U.S. 11, 18 (1979), effectively overruled *Cort*).

[22]    *See* 38 U.S.C. § 4301(a) ("The purposes of this chapter are – (1) to encourage noncareer service in the uniformed services by eliminating or minimizing the disadvantages to civilian careers and employment which can result from such service . . .").

4323(b)(2), that "the action may be brought in a State court of competent jurisdiction in accordance with the laws of the State" should be read as additional to jurisdiction already impliedly granted to the federal courts.  However, in its 1998 amendment to USERRA, Congress did not simply add a provision granting jurisdiction to the state courts; it also removed the express grant of federal jurisdiction for private cases against state employers.  Moreover, as the Ninth, Third and Fourth Circuits have pointed out, Plaintiff's interpretation would in fact nullify any effect the provision could have, since the state courts are courts of plenary jurisdiction, which already have concurrent jurisdiction to entertain actions under a federal statute such as USERRA.[23]  Finally, the current version of the statute specifically addresses venue within the federal district courts for cases brought by the United States and for all cases brought against private employers, but includes no provision for cases brought by private persons against a state employer.[24]  In light of the foregoing, and in accordance with the other courts that have considered the issue, the Court finds that Congress did not intend to provide a right of action in federal district court for USERRA actions brought by private persons against a state employer.[25]

---

[23]     *See supra* at note 17 and accompanying text.

[24]     (c) Venue.--(1) In the case of an action by the United States against a State (as an employer), the action may proceed in the United States district court for any district in which the State exercises any authority or carries out any function.
(2) In the case of an action against a private employer, the action may proceed in the United States district court for any district in which the private employer of the person maintains a place of business.

38 U.S.C.A. § 4323(c).

[25]     *See Williams*, 2007 WL 2458504 at *3 (citing *Transamerica*, 444 U.S. at 19 ("it is an elemental canon of statutory construction that where a statute expressly provides a particular remedy or remedies, a court must be chary of reading others into it"); *Nat'l Railroad Passenger Corp. v. Nat'l Ass'n of R.R. Passengers*, 414 U.S. 453, 458 (1974) ("A frequently stated principle of statutory construction is that when legislation expressly provides a particular remedy or remedies, courts should not expand the coverage of the statute to subsume other remedies.")).

Because Congressional intent is clear, the Court need not address the third and fourth factors in the *Cort* analysis.[26]

**B.      Plaintiff's Motion to Amend**

Plaintiff has moved to amend his complaint by including additional individual defendants, who Plaintiff claims were the decision makers who acted to terminate or otherwise discriminate against Plaintiff on the basis of his military status.  Federal Rule of Civil Procedure 15(a) provides that a trial court shall freely grant leave to amend "when justice so requires."  When an amendment may serve to cure purported deficiencies in the plaintiff's pleadings, leave should be granted unless amendment would be futile.[27]  In this case, the naming of individual state employees does not cure the subject matter jurisdiction defect.  Thus, Plaintiff's motion to amend is futile and should be denied.

USERRA includes in its definition of "employer" subject to suit for USERRA violations "a person, institution, organization, or other entity to whom the employer has delegated the performance of employment-related responsibilities."[28]  Thus, Defendants do not dispute that USERRA provides a right of action against the individuals in question.

The question is whether individuals who are state supervisors, like those Plaintiff seeks to add in this case, are subject to suit in federal court.[29]  USERRA clearly delineates two classes of

---

[26]      *Id.*

[27]      *See Lopez v. Smith*, 203 F.3d 1122 (9th Cir. 2000).

[28]      38 U.S.C. § 4303(4).

[29]      No court has squarely addressed this question, as it appears no other USERRA plaintiff has ever tried to raise it.  However, the only courts to have considered the subject matter jurisdiction issue in USERRA actions which included individual defendants have dismissed the actions in their entirety, including the claims against the individual defendants.  In *Velasquez*, 165 F.3d at 593, the Seventh Circuit dismissed plaintiff's claims against both the individual defendant, Dorothy Frapwell, and the Trustees of Indiana University, also arguably private persons but treated by the court as an arm of the state of Indiana.  In *Valadez*, 2005 WL 1541086, the Eastern District of California followed *Velasquez* in dismissing a USERRA action against the Regents of the University of California.  The primary case relied upon by Plaintiff is inapposite on this issue, since it was decided before the 1998 amendment.  *See Palmatier v. Michigan Dep't of State Police*, 981 F. Supp. 529 (W.D. Mich. 1997).

9

defendants – state employers and private employers.  The statute provides that "[a] person may commence an action for relief with respect to a complaint against a State (as an employer) or a private employer."[30]  As discussed above, private actions "against a State (as an employer)" must be brought in state court, whereas actions "against a private employer" may be brought in federal court.[31]  Plaintiff argues that the individual state supervisors whom he proposes to add to his complaint are not themselves the "State," and therefore, suit against them should not be limited to state court.  However, the Court finds that this interpretation does less violence to the USERRA statutory scheme than the alternative – describing each of these individuals, themselves state employees, as a "private employer."

In this case, it is undisputed that Plaintiff's employer was the University of Alaska at Fairbanks, an instrumentality of the state of Alaska.  Normally, one would say that an employee with one job has one employer, although that term might encompass the actual company or corporation that pays his paycheck as well as his direct supervisors.  The definition of "employer" in USERRA functions similarly, lumping together all the relevant entities under the single umbrella of "employer."  There is no indication that the statute contemplates an employee having multiple "employers" who would be separately subject to the statute's jurisdictional and venue requirements.  Thus, the Court finds that, even with the addition of the individual state supervisors, Plaintiff's action would remain an action against a state employer, rather than a private employer, and jurisdiction would therefore lie only in the state courts.

## IV.  CONCLUSION

Having concluded that subject matter jurisdiction is lacking, the Court finds that Defendants' motion to dismiss must be granted.  Furthermore, Plaintiff's motion to amend the complaint would be futile and should therefore be denied.

IT IS THEREFORE ORDERED:

---

[30]     38 U.S.C. § 4323(a)(2).

[31]     38 U.S.C. § 4323(b)(2)-(3).

The motion to dismiss at Docket No. 13 is GRANTED.  Plaintiff's motion for leave to amend the complaint at Docket No. 20 is DENIED.


Dated at Anchorage, Alaska, this 10th day of October, 2007.


/s/ Timothy Burgess

Timothy M. Burgess
United States District Judge